UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CR-45-TAV-DCP-7 |
| | ) | |
| JEFFREY SCOTT BRADEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1) [Doc. 2174]. The Federal Defender Services of Eastern Tennessee has filed a notice of no intention to supplement [Doc. 2236], and the government has responded in opposition [Doc. 2238]. Also before the Court is defendant's motion [Doc. 2239] requesting a status update on his pending motion. For the reasons set forth more fully below, defendant's motion for compassionate release [Doc. 2174] will be **DENIED** and his motion for a status update [Doc. 2239] will be **DENIED as moot**.

## I. Background

On September 5, 2013, a jury found defendant guilty of conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), possession of materials which may be used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6), and being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) [Doc. 628]. Defendant received a mandatory minimum term of life imprisonment as to the drug manufacturing conviction,

and concurrent terms of 240 months' imprisonment and 120 months' imprisonment for the other two convictions [Doc. 1156].

## II. Standard of Review

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 2174].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III. Analysis

### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34

(6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government argues that defendant has only partially exhausted his administrative remedies [Doc. 2238, p. 4]. *See Elias*, 984 F.3d at 519. However, the Court notes that it may deny compassionate release when any of § 3582(c)(1)(A)'s prerequisites are lacking, and need not address the others. *Elias*, 984 F.3d at 519. Accordingly, because the Court finds that compassionate release would not be consistent with the factors set forth in § 3553(a), the Court finds it unnecessary to address exhaustion.

**B. Section 3553(a) Factors**

Ultimately, the § 3553(a) factors weigh against granting compassionate release, and therefore, the Court declines to address whether defendant has established extraordinary and compelling grounds for release. *See Elias*, 984 F.3d at 519.

Section "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). 18 U.S.C. § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491

(2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. *Id.*

In finding that the § 3553(a) factors, and particularly, the nature and circumstances of this offense and the history and characteristics of the defendant, weigh against granting compassionate release. The Court begins with the criminal conduct in this case. The presentence investigation report ("PSR") states:

> Testimony presented at trial placed this defendant actively in the conspiracy as early as 2004, when he and Mr. Lawrence Scriver, the leader of the conspiracy, were arrested in February of 2004, by the Tennessee Highway Patrol after a vehicle pursuit. (Paragraph 50) Mr. Braden was a close associate of co-defendant Scriver, and shared in leadership responsibilities. It has been well established through documented records that this conspiracy, spanning more than ten years and involving 43 known defendants, involved at least 6,000 grams of pseudoephedrine, which was used to manufacture a conservative estimate of 3,000 grams of methamphetamine. Further testimony established this defendant's manager or supervisor role, int that he would direct other members of the conspiracy to obtain necessary materials and bring them to him for the purpose of manufacturing methamphetamine. In particular, the testimony of Jessica Davis established that Mr. Braden was with her in the woods, instructing her how to cook methamphetamine, while making telephone calls to other people, and instructing those other people on exactly what materials he needed them to bring to him in order for him to cook additional methamphetamine.

[PSR ¶ 25].

The Court has considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for

the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available, the guideline sentencing range, and the need to avoid unwarranted disparities. *Id*.

The seriousness of the offense is particularly notable in this case. The conspiracy in this case spanned more than 10 years and involved 43 known defendants, resulting in the manufacture of at least 3,000 grams of methamphetamine [PSR ¶ 25]. Defendant was one of the managers or supervisors of this large-scale conspiracy [*Id.* ¶¶ 25, 33]. And the seriousness of this offense is highlighted by the Congressionally mandated mandatory minimum term of life imprisonment that attached to Count 1 [*Id.* ¶ 73].

Moreover, defendant's conduct while incarcerated is not indicative of rehabilitation. Defendant has incurred 15 disciplinary infractions while incarcerated, including for assault, drug use, possession of hazardous tools, and possession of a dangerous weapon [Doc. 2238-2]. Indeed, the records reflect that defendant has incurred at least one drug use infraction and one possession of a hazardous tool infraction since the filing of his pro se motion for compassionate release [*See* Doc. 2238-2, p. 1; Doc. 2174].

Ultimately, in reaching its decision, the Court has considered the parties' filings, the PSR, the § 3553(a) factors and other relevant law, and the record as a whole. On the record before the Court, the § 3553(a) factors weigh against early release, and defendant's motion for compassionate release [Doc. 2174] is hereby **DENIED**.

## IV. Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 2174] is **DENIED** and his motion for a status update [Doc. 2239] is **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE